ORIGINAL

Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 14 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

U.S.A. vs. NICOLE NASH                              Docket No. CR 03-00504HG-01

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Nicole Nash who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 1st day of April 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant is prohibited from the possession of and use of alcohol.

**First Revocation:** On 6/21/2004, the Court revoked the subject's term of supervised release based on the following violations: (1) the subject failed to report to the Probation Office within 72 hours of release from the custody of the Bureau of Prisons; (2) the subject failed to notify the Probation Officer 10 days prior to any change in residence; and (3) the subject failed to follow the instructions of the Probation Officer. The Court sentenced the subject to an imprisonment term of 4 months, to be followed by a 32-month term of supervised release. The following special conditions were ordered:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3. That the defendant serve a minimum of 3 months and up to 6 months of community confinement in a community corrections center such as Miller Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

Prob 12C
(Rev. 1/06 D/HI)

4. That the defendant provide the Probation Office access to any requested financial information.

5. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. That the defendant is prohibited from the possession and use of alcohol.

**Second Revocation:** On 7/29/2005, the Court revoked the subject's term of supervised release based on the following violations: (1) the subject refused to comply with drug testing imposed as a condition of supervised release; (2) the subject consumed alcohol; (3) the subject failed to notify the Probation Officer 10 days prior to any change in residence or employment; and (4) the subject associated with a person convicted of a felony without being granted permission to do so by the Probation Officer. The Court sentenced the subject to a 9-month term of imprisonment, to be followed by a 23-month term of supervised release. The following special conditions were ordered:

1. That the defendant participate in a substance abuse program, which may include drug testing or placement in an appropriate residential facility, at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant serve up to 6 months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

4. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

5. That the defendant is prohibited from the possession and use of alcohol.

**Modification:** On 6/3/2006, the Court modified the subject's conditions of supervised release, after being notified that the subject had consumed alcohol in violation of her supervision conditions. Special Condition No. 3 was modified by extending the subject's placement in community confinement by 3 months, for an aggregate total of "up to 9 months."

Prob 12C
(Rev. 1/06 D/HI)

3

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of her Supervised Release (Probation Form 7A attached) as follows:

1. On 8/7/2006, 11/15/2006, and 12/4/2006, the subject refused to comply with drug testing imposed as a condition of supervised release, in violation of Special Condition No. 1.

2. On 5/21/2006, the subject consumed alcohol, in violation of Special Condition No. 5.

3. From on or about 6/16/2006 to on or about 8/12/2006, the subject associated with a person convicted of a felony, to wit, Mark Pomele, without the permission of the Probation Officer, in violation of Standard Condition No. 9.

4. On or about 2/6/2007, the subject failed to notify the Probation Officer 10 days prior to any change in residence or employment, in violation of Standard Condition No. 6.

5. On 2/8/2007, the subject failed to follow instructions of the Probation Officer, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

4

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show
cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be
sealed for other than law enforcement purposes and until such time that the subject has been
arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    _13 th of February  2007_

_Martin Romualdez_
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

_Timothy M._
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

5

========================================================================

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 13th day of February, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Court Judge

Re:  **NICOLE NASH**
**Criminal No. CR 03-00504HG-01**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject was convicted of two counts of Distribution of Cocaine Base, Class C felonies.  On 3/3/2006, the subject commenced her current term of supervised release.  On 3/9/2006, this officer reviewed the conditions imposed by the Court with the subject, who acknowledged understanding each and every condition.  The subject was also provided a copy of her conditions for her reference.  On the same date, the subject was referred to Freedom Recovery Services, Inc. (FRS) in order to participate in substance abuse treatment, which included drug testing.

On 6/3/2006, the Court modified the subject's conditions of supervised release by extending her period of community confinement, in response to the subject's consumption of alcohol in violation of her supervision conditions.

On 1/12/2007, the Court was notified that the subject had committed additional violations of her supervision conditions by refusing to comply with drug testing and by associating with a felon.  The Court concurred with the recommendation of the Probation Office to take no action at that time, as the subject had demonstrated meaningful progress in maintaining legitimate gainful employment and in choosing to reside in a clean-and-sober environment after being released from community confinement.

**Violation No. 1 - Refusal to Comply With Drug Testing**:  On 8/7/2006, the subject failed to report for drug testing at FRS.  When questioned, the subject acknowledged that she had not called the recorded message for the drug testing instructions as required by the federal drug aftercare program.  She explained that the staff at Mahoney Hale, where the subject was residing at the time, usually posted the drug testing colors for that day and she had not seen her color on the bulletin board. The subject was verbally reprimanded and reminded that it was her own responsibility to determine if she was required to report for drug testing.  In addition, the subject's participation in the drug testing program was extended.

On 11/15/2006, the subject failed to report for drug testing at FRS.  When questioned, the subject stated that she had been so preoccupied with her search for a prospective residence after Mahoney Hale that she had neglected to call for drug testing instructions.  The subject was verbally reprimanded and required to remain in the drug testing program.  Moreover, this officer reviewed the drug testing requirements and issued written instructions regarding the same.

Re:    **NICOLE NASH**
       **Criminal No. CR 03-00504HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**


On 12/4/2006, the subject failed to report for drug testing at FRS. When questioned, the subject apologized for missing the test and assured this officer that she was not using any illicit substances. The subject was informed that the Court would be notified of her violations and that if she continued to commit such violations, this officer would file a petition seeking additional sanctions from the Court, including the possibility of home confinement with electronic monitoring or revocation. This officer then imposed a curfew on the subject that curtailed her movements during her days off from work. In addition, the subject was instructed to develop a presentation addressing the importance of strict compliance with drug testing requirements as part of a complete substance abuse treatment program. The subject was further told that she would be required to present her assignment to an actual group of treatment program participants.

The drug testing protocol was explained to the subject when she was interviewed at the commencement of her supervision term and during her intake at FRS. This protocol was the same set of procedures with which the subject was familiar from her second term of supervised release. In addition, she acknowledged that she fully understood the requirements of drug testing. Given that the subject was oriented to drug testing procedures and submitted to drug testing at a number of different treatment programs, her failures to submit to drug testing on the above-referenced dates constitute a refusal to comply with drug testing.

**Violation No. 2 - Consumption of Alcohol:**  On 5/21/2006, the subject submitted to a breathalyzer test at Mahoney Hale, the federal residential re-entry center, after returning to the facility from her workplace at 1:25 a.m. The breathalyzer test was positive for the presence of alcohol. When questioned about the positive test, the subject stated that she had inadvertently picked up the wrong drink while at work. The drink belonged to a coworker who had finished his work shift and was drinking soda mixed with alcohol. The subject claimed that she had been drinking plain soda.

The subject was sanctioned by Mahoney Hale with 14 days of room confinement and additional work assignments. In addition, she agreed to modify her conditions of supervised release to extend her placement in community confinement up to 9 months, as she indicated that such an extension would be beneficial to her adjustment.

**Violation No. 3 - Association with a Felon:**  On 6/16/2006, while the subject was still serving her term of community confinement at Mahoney Hale, she was discovered to be in possession of a cellular telephone, in violation of the facility's rules. When questioned, the subject indicated that the telephone did not belong to her and that the owner would be picking it up. This officer requested that Mahoney Hale retain

Re:    **NICOLE NASH**
**Criminal No. CR 03-00504HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

the cellular telephone until this officer had an opportunity to discuss the matter with the subject.

On 6/22/2006, the subject was observed by another federal probation officer at the hearing of Mark Pomele, another federal felon, in a State of Hawaii courtroom.  It should be noted that the subject had been specifically instructed not to associate with Mark Pomele one month prior to the State court hearing.  When questioned about her appearance at the hearing, the subject acknowledged that she had ignored this officer's instructions.  This officer reprimanded the subject and required that she meet with this officer's supervisor in order to impress upon her the importance of complying with all of the conditions imposed by the Court.  During the meeting with Supervising U.S. Probation Officer Timothy M. Jenkins, the subject disclosed that the cellular telephone that had been confiscated by Mahoney Hale staff belonged to Mark Pomele.

On 8/12/2006, the subject was again discovered to be in possession of a cellular telephone in Mahoney Hale.  She indicated that the cellular telephone belonged to her and that she used it to call her daughter.  When questioned further by this officer, the subject admitted that she had also used the telephone to call Mark Pomele.  The subject was reprimanded and required to attend a revocation hearing in order to recognize the possible consequences for continued non-compliant behavior.

It should be noted that Mark Pomele was convicted of three counts of Possession With Intent to Distribute and Distribution of Cocaine Base Within 1,000 Feet of a Playground.  He commenced his term of supervised release on 4/4/2006; however, on 11/21/2006, his term of supervision was revoked.  Among his violations were refusals to comply with drug testing, association with two different felons, and a failure to follow instructions of his probation officer.

**Violation No. 4 - Failure to Notify Probation Officer Regarding Change in Residence or Employment:**  On 11/28/2006, the subject was released from community confinement and entered the clean-and-sober group housing complex on 2550 Date Street.  At that time, the subject was working at the Bubba Gump Restaurant in the Ala Moana Shopping Center as a kitchen preparation assistant.

On 2/6/2007 and 2/7/2007, the Probation Office received reports from a confidential source, alleging that the subject was involved in illegal drug use and distribution with an unidentified male.  The confidential source also indicated that the subject was no longer residing at the clean-and-sober group housing complex.

Re:    **NICOLE NASH**
       **Criminal No. CR 03-00504HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


Based on this information, this officer contacted the resident manager of the clean-and-sober housing complex and was informed that on 1/31/2006, the subject had admitted to having relapsed. Specifically, the subject had stated that she had used crystal methamphetamine. The resident manager responded by placing the subject on a highly restrictive schedule. However, the subject failed to abide by that schedule and on 2/6/2007, the subject failed to appear for a mandatory house meeting. According to the resident manager, the subject has left the clean-and-sober housing complex and is no longer considered a resident.

On 2/8/2006, this officer spoke to a kitchen manager at Bubba Gump Restaurant. He informed this officer that the subject was taken off the work schedule, after she failed to report for work on 2/4/2007 and 2/5/2007. Essentially, the kitchen manager indicated that the subject was terminated from employment.

**Violation No. 5 - Failure to Follow Instructions:** On 2/1/2007, this officer instructed the subject to report to the Probation Office on 2/8/2007, at 9:00 a.m. On 2/8/2007, the subject failed to report to the Probation Office, and this officer did not receive any telephone calls or messages from the subject.

Despite the efforts of the Probation Office and the numerous opportunities to redirect her energies toward compliant and law-abiding behavior, the subject has repeatedly demonstrated that she is not amenable to long-term rehabilitation. Significantly, the subject has chosen to remove herself from any supervision by severing all contact with the Probation Office.

Re:     **NICOLE NASH**
        **Criminal No. CR 03-00504HG-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 5**


When considering the subject's violations, especially in the context of her failure to keep the Probation Office informed of her whereabouts, it is clear that the subject is simply not amenable to supervision. Accordingly, it is recommended that a NO BAIL warrant be issued to secure the subject's appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,


J. MARTIN ROMUALDEZ
U.S. Probation Officer


Approved by:


TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JMR/ct

Re:  **NICOLE NASH**
**Criminal No. CR 03-00504HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 6**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT
CONSIDERATION**

None.

PROB 7A
(Rev. 9/00, D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:    NICOLE NASH                        Docket No.  CR 03-00504HG-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, Chief U.S. District Court Judge for the District of Hawaii. The defendant's term of supervision is for a period of 23 months commencing 3/3/2006.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

The defendant shall not commit another federal, state, or local crime.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer; *I understand that I can not leave the Island of Oahu without the permission of my Probation officer.*

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; *I shall submit pay stubs and any other income verification document w/ my reports.*

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)   The defendant shall support his or her dependents and meet other family responsibilities;

(5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment; *if I am terminated from employment or evicted from my residence I shall notify my probation officer within 24 hours. NN*

(7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; *I understand that I cannot claim that I did not know about an individuals criminal record, as a defence against a violation of this condition NN*

(10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

    See next page for special conditions

    Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____Nicole Nash_____       3-9-06
         NICOLE NASH, Defendant          Date

_____J. Martin Romualdez_____       3.9.2006
         J. MARTIN ROMUALDEZ          Date
         U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:    NASH, Nicole
       Docket No. CR 03-00504HG-01

### Conditions of Probation and Supervised Release
**(continued from previous page)**

(1)    The defendant shall participate in a substance abuse program, which may include drug testing or placement in an appropriate residential facility, at the discretion and direction of the Probation Office.

(2)    The defendant shall provide the Probation Office access to any requested financial information.

(3)    The defendant shall serve up to 6 months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

(4)    The defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

(5)    The defendant is prohibited from the possession and use of alcohol. *I understand that I cannot have any alcohol at my place of residence in addition any aquantances that visit my residence cannot bring alcohol on to the premises*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____Nicole Nash_____    3-9-06
                NICOLE NASH, Defendant                Date

                _____J. Martin Romualdez_____    3.9.2006
                J. MARTIN ROMUALDEZ                  Date
                U.S. Probation Officer